UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Alexander Brown, | ) C/A No. 4:10-00377-JFA-TER |
| Plaintiff, | ) |
| vs. | ) |
| County of Marlboro Sheriff's Department; Jamie Seals, LT.; John Doe, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Ricky Alexander Brown (Plaintiff), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Federal Correctional Institution (FCI) Morgantown, a facility of the Bureau of Prisons (BOP), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a local governmental entity, and employees thereof, as Defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

Plaintiff was arrested by Lt. Jamie Seals and "an unnamed John Doe" on June 26, 2008. The complaint alleges that, despite numerous requests to speak with an attorney, Plaintiff was denied counsel from the date of his arrest, June 26, 2008, until July 17, 2008. Plaintiff further claims that he was not advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), that the Defendants "falsified bond hearing papers," and that the Defendants delayed Plaintiff's bond hearing until September 11, 2008. Thus, Plaintiff seeks monetary damages for the Defendants alleged violation of Plaintiff's due process rights and "Fifth Amendment Rights to Counsel."

Discussion

Plaintiff states that he is currently a federal prisoner incarcerated at FCI Morgantown, in Morgantown, West Virginia. As Plaintiff is suing a local governmental entity, the Marlboro County Sheriff's Department, and two employees thereof, his claim is analyzed under 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The instant complaint alleges that the Defendants violated Plaintiff's constitutional rights during, and subsequent to, an arrest which occurred on June 26, 2008. Specifically, Plaintiff points

3

to the Defendants': (1) refusal to allow Plaintiff to speak to an attorney after his arrest; (2) failure to advise Plaintiff of his *Miranda* rights; and (3) failure to timely provide Plaintiff with a bond hearing. However, to the extent Plaintiff seeks monetary damages for constitutional violations stemming from Plaintiff's criminal prosecution and/or sentence, his action is barred by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), which held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 487. The rule announced in *Heck* also applies to federal prisoners bringing suit pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3] *See Poston v. Shappert*, No. 06-8052, 2007 WL 1031695 (4th Cir. March 30, 2007)(§ 1983 and *Bivens* claims challenging underlying criminal conviction barred by *Heck*); *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996)(federal prisoner's challenge to the means used to arrest and convict him barred by *Heck*); *Stephenson v. Reno*, 28 F.3d 26, 28 (5th Cir. 1994)(federal prisoner seeking damages resulting from investigation, conviction and sentence could not bring a *Bivens* claim until prisoner's conviction was "declared invalid or otherwise impugned as set out in *Heck*").

---

[3] "*Bivens*" is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Carlson v. Green*, 446 U.S. 14, 18 (1980). *See also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982).

As indicated above, *Heck* bars a prisoner's claim for damages under § 1983/*Bivens* where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. In this case, a favorable determination on the merits of the Plaintiff's § 1983 claims, alleging constitutional violations associated with Plaintiff's arrest and criminal investigation, would imply the invalidity of Plaintiff's conviction. As Plaintiff has not demonstrated that any sentence resulting from the June 26, 2008 arrest has been successfully challenged, his claim for monetary damages is barred by *Heck*. *See Penland v. City of Greer*, C/A No. 6:07-3204-HFF-WMC, 2007 WL 3274772 at *2, n. 4 (D.S.C. Oct. 26, 2007)(plaintiff's claim for damages based on the denial of bond barred by *Heck*); *Wilson v. Buford*, No. Civ. A. 4:02-CV-959-Y, 2003 WL 21212566 at *4 (N.D. Tex May 22, 2003)(finding "Plaintiff's claims for monetary damages arising from the alleged failure to provide him counsel, [and] failure to give *Miranda* warnings" barred by *Heck* and subject to dismissal). *See also Chavez v. Martinez*, 538 U.S. 760, 772 (2003)(police officer's failure to read *Miranda* rights to a suspect did not violate that suspect's constitutional rights and did not state a cognizable ground for an action brought pursuant to § 1983).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

April 28, 2010  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III.  
United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).