UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ricky Alexander Brown, | ) | C/A No.4:10-377-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| County of Marlboro Sheriff's Department; | ) | |
| Jamie Seals, LT; and John Doe, | ) | |
| | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, Ricky Alexander Brown, brings this action pursuant to 42 U.S.C. § 1983.[1] He is an inmate at the Federal Correctional Institution in Morgantown, West Virginia. The plaintiff complains that when he arrested on June 26, 2008, the defendants allegedly violated his due process rights and right to counsel.[2] The plaintiff seeks monetary damages.

The Magistrate Judge assigned to this action[3] has prepared a thorough Report and

---

[1] The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2] The named defendants appear to be officials of the State of South Carolina, not federal actors. The plaintiff also notes in his complaint that the issue did not involve his place of incarceration. It is not clear from the complaint whether the federal charges the plaintiff is currently imprisoned for were related to this arrest by the named defendants.

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation and opines that the complaint should be dismissed for failure to state a claim. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation and the plaintiff filed timely objections to the Report.

The Magistrate Judge has analyzed the complaint under § 1983. Here, the plaintiff alleges that the defendants violated his constitutional rights during and subsequent to his arrest on June 26, 2008. Plaintiff contends that the defendants (1) refused to allow plaintiff to speak with an attorney after his arrest; (2) failed to advise the plaintiff of his Miranda rights; and (3) failed to timely provide plaintiff with a bond hearing.

The Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), that plaintiff's claim for damages is barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. Moreover, as plaintiff has not demonstrated that any sentence resulting from the June 26, 2008 arrest has been successfully challenged, his claim for monetary damages under § 1983 is barred by *Heck*.

In his objections to the Report, plaintiff contends that he does not seek to vacate, amend or adjust his criminal findings or term of imprisonment. Rather, he seeks to collect damages for the wrongful acts of the defendants. However, his complaint is still barred by

*Heck*. If this court were to find that the plaintiff's due process rights were violated, as he alleges and seeks money damages for, then such a finding might invalidate the underlying conviction. If, on the other hand, plaintiff's conviction was declared invalid, then at that point he would be free to seek monetary damages.

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

October 27, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge